T.C. Memo. 2015-176

UNITED STATES TAX COURT

RONALD CRAIG FISH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10691-13.                     Filed September 10, 2015.

Ronald Craig Fish, pro se.

Joseph E. Nagy, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  Respondent determined a $15,439 deficiency in

petitioner's Federal income tax and a $3,087 accuracy-related penalty under

section 6662(a)[1] for 2009.  The issues for our decision are:  (1) whether petitioner

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2] is entitled to a deduction claimed on his 2009 individual Federal income tax return for portfolio losses realized inside his individual retirement account (IRA) during that year; and (2) whether petitioner is liable for the accuracy-related penalty.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, together with the attached exhibits, is incorporated herein by this reference.

Petitioner is a semiretired patent attorney. He resided in California at the time the petition was filed.

Petitioner maintained a traditional IRA during 2009 and used it to buy and sell various securities, including shares of two master limited partnerships that were involved in the oil and gas pipeline and storage industry--Atlas Pipeline Partners, L.P. (Atlas), and Crosstex Energy, L.P. (Crosstex). Petitioner received a Schedule K-1, Partner's Share of Income, Deductions, Credits, etc., from Atlas reporting a $66,075 ordinary business loss for 2009. The Schedule K-1 indicated "Trad IRA VFTC as Custodian" and stated that the partner was an "IRA/SEP/KEOGH". Petitioner reported this loss on the Schedule E,

_____

[1](...continued)
Revenue Code, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** Supplemental Income and Loss, attached to his 2009 Form 1040, U.S. Individual Income Tax Return.  Petitioner received a Schedule K-1 from Crosstex reporting a $22,793 ordinary business loss for 2009 and stating that the partner was an "IRA/SEP/KEOGH".  Petitioner also reported this loss on the Schedule E attached to his 2009 Form 1040.

Petitioner received a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for a partial distribution that he received from his IRA.  The Form 1099-R reported that $40,585 had been distributed from the IRA to petitioner in 2009, all of which was reported on line 15b, taxable amount of IRA distributions, on petitioner's 2009 Form 1040.

Respondent mailed petitioner a notice of deficiency dated March 5, 2013. Respondent disallowed the deduction for the losses for Atlas and Crosstex that petitioner claimed on his 2009 Form 1040 and imposed the section 6662(a) accuracy-related penalty.  Petitioner timely filed a petition with this Court challenging respondent's disallowance of the claimed deduction for the Atlas and Crosstex losses.[2]

---

[2]Petitioner agreed with all other adjustments in the notice of deficiency.

[*4]                                    OPINION

I.      Petitioner May Not Deduct IRA Portfolio Losses.

The Commissioner's determination regarding a taxpayer's tax liability is presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Amounts held in traditional IRAs are not subject to income tax until they are distributed or deemed to have been distributed. Sec. 408(d). Section 408(d) governs the tax treatment of distributions.

Petitioner takes issue with respondent's position that a taxpayer may recognize a loss from IRA investments only when all amounts from all IRA accounts have been distributed and the total distributions are less than any unrecovered bases in the accounts. Secs. 72, 408(d), 7701(a)(37). Petitioner asserts that the law and regulations do not support respondent's position.

Petitioner argues, in part, that an IRA has "all of the attributes of a grantor trust and is therefore a pass through entity which makes all items of income, deduction and credit treated as belonging * * * [to him] and reportable on * * * [his] individual tax return". Petitioner advances various tax policy arguments which he believes support this position. For example, he contends that restricting an IRA holder's ability to deduct a loss that occurs when an investment held by

[*5] the IRA is sold thwarts congressional intent to encourage individuals to save for retirement. He also claims that requiring retirees to completely liquidate their IRAs in order to recognize a deductible loss is "unreasonable, arbitrary, capricious and completely unworkable for savers dependent upon IRA/SEP income for their retirement."

While petitioner may not agree with the way the law is written and may have reasons that he believes support changing the law, we cannot do that for him. Tax policy is within Congress' purview, not within this Court's. We decide cases on the basis of the law enacted by Congress rather than a taxpayer's policy arguments as to how the law should have been written.

Transactions occurring within the IRA do not result in taxable events which are reported on the holder's individual income tax return. An IRA is a tax-exempt entity, not a passthrough entity. Sec. 408(e)(1). The law is clear that distributions from and payments out of an IRA trigger income tax consequences for the payee or distributee. Sec. 408(d). In 2009 petitioner received distributions totaling $40,585 that he properly reported on his return. He may not use losses realized within the IRA during that year to offset his income. We hold that respondent correctly disallowed the deduction for the losses for Atlas and Crosstex that petitioner claimed on his 2009 Form 1040.

[*6] II.      Petitioner Is Liable for the Section 6662(a) Penalty.

A 20% accuracy-related penalty is imposed on any portion of an underpayment of tax attributable to:  (1) negligence or disregard of rules and regulations; or (2) a substantial understatement of income tax.  Sec. 6662(a) and (b)(1) and (2).  Negligence is defined to include any failure to make a reasonable attempt to comply with the Internal Revenue Code.  Sec. 6662(c).  The statute defines disregard to include any careless, reckless, or intentional disregard.  Id. An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).

The Commissioner bears the burden of production with respect to the taxpayer's liability for the section 6662(a) penalty and must produce sufficient evidence indicating that it is appropriate to impose the penalty.  Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Once the Commissioner has met this burden, the taxpayer must come forward with sufficient evidence to persuade this Court that his determination was incorrect.

Petitioner claimed a deduction for nearly $90,000 in losses on his 2009 return.  Petitioner, as discussed above, advances tax policy arguments to justify the deduction.  Positions taken on a return must be supported by the law and/or regulations, not tax policy arguments.  Petitioner also claims that the positions

**[\*7]** taken on his return were supported by Internal Revenue Service guidance as to how partners should report items reported on a Schedule K-1. A seasoned attorney would not have taken the position petitioner took on his return. Petitioner's 2009 return should have shown that $23,074 in tax was due. Petitioner's understatement of income tax for 2009 is equal to the deficiency of $15,439, which exceeds the greater of $5,000 or $2,307, which is 10% of the amount that should have been shown on the return. Accordingly, petitioner's understatement of income tax was substantial.

Respondent has met his burden of production and shown that it is appropriate to impose the section 6662(a) and (b)(2) penalty, and petitioner has failed to persuade us otherwise. We hold that the 20% accuracy-related penalty applies to petitioner's underpayment of tax.

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

Decision will be entered for

respondent.
